**EVAN A. SCHMUTZ (3860)**
 eschmutz@hjslaw.com
**JORDAN K. CAMERON (12051)**
 jcameron@hjslaw.com
**HILL, JOHNSON & SCHMUTZ, L.C.**
River View Plaza, Suite 300
4844 North 300 West
Provo, Utah 84604
Telephone: (801) 375-6600
Fax: (801) 375-3865

<u>Attorneys for Plaintiff ZooBuh, Inc.</u>

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZOOBUH, INC., a Utah Corporation<br><br>　　Plaintiff,<br><br>vs.<br><br>SMOKELESS CIGARETTE, LLC., a Florida limited liability company; CIGIREX, LLC, a New York limited liability company; DOES 1-40<br><br>　　Defendants. | **COMPLAINT**<br><br>**(JURY DEMAND)**<br><br><br>Case No.:  2:11cv01213-DN<br><br>Magistrate Judge David Nuffer |

　　COMES NOW Plaintiff ZooBuh, Inc. ("**ZooBuh**"), and complains and alleges the following:

/

/

/

## PARTIES

1.Plaintiff ZooBuh, is a Utah Corporation with its principal place of business in Cedar Hills, Utah, and at all relevant times hereto was duly registered and licensed to do business in the State of Utah.

2.Defendant Smokeless Cigarette, LLC, is a Florida limited liability company, with its principal place of business in the state of Florida, also doing business as "Lux" ("**Lux**").

3.Defendant Cigirex, LLC ("**Cigirex**"), is a New York limited liability company, with its principal place of business in the state of New York.

4.On information and belief DOES 1-40 are individuals and/or companies doing business in association with one or both of the above named-defendant, either as shareholders, officers, members, and/or marketing affiliates, some or all or all of whom are alter egos of the named Defendant.

## JURISDICTION AND VENUE

5.This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), for violations of the 15 U.S.C. §7701 *et seq.* (CAN-SPAM Act of 2003), and pursuant to 15 U.S.C. § 7706(g)(1) (original jurisdiction) for cases involving a civil action by an internet access service adversely affected by a violation of 15 U.S.C. §7704(A)(1), 15 U.S.C. §7704(b), or 15 U.S.C. § 7704(d), or a pattern and practice that violates subparagraphs (2), (3), (4), and/or (5) of 15 U.S.C. § 7704(a)

6.This Court has personal jurisdiction over the Defendants because the Defendants, and each of them, have purposefully availed themselves of the privileges of conducting commercial activity in the forum state, and the exercise of jurisdiction is reasonable since

Defendants should have know that they would be subject to the jurisdiction and laws of the forum state when they sent, or had commercial emails sent to, email accounts in Utah.

7.      Venue is proper pursuant to 18 U.S.C. §1391, as a substantial part of the unlawful actions by the Defendants, and each of them, occurred in this judicial district.

## GENERAL ALLEGATIONS

8.      During all times relevant hereto, and through the date of the filing of this Complaint, ZooBuh was a corporation duly existing under the laws of the State of Utah which provided access to, and enabled and hosted email, chat, and blog services for private parties.

9.      ZooBuh is a widely and well recognized service provider of email, blog, and chat services.

10.     ZooBuh has been featured in articles published in *PC Advisor*, *PC Magazine*, *Tech World, The Guardian*, *Find it Quick Internet Guide*, *Yahoo's Associated Content* and has been mentioned in the following books: How to Protect Your Children on the Internet, by Gregory S. Smith; and, CyberSafety, by Ken Knapton.  ZooBuh has also been mentioned and/or featured on KSL News' Nanny Radio Show and WBTV.

11.     ZooBuh is a bona fide Internet Access Service ("IAS") as defined under 15 U.S.C. §7702(11) and 47 U.S.C. §231(e)(4).

12.     ZooBuh has customers in all 50 states and in 27 different countries.

13.     ZooBuh services approximately 35,000 customer accounts.

14.     Nearly 100% of ZooBuh customers are minors under the age of 18, as ZooBuh's business model is to provide "safe email for kids."

15. The accounts hosted and served by ZooBuh include email accounts owned by third-party customers of ZooBuh, and also include accounts owned by ZooBuh.

16. On information and belief, none of the owners of the email addresses opted-in or subscribed to receive commercial emails from Lux, Cigirex, or the other Defendants.

17. From around January 2011 to the date of this Complaint, ZooBuh has received at least 5,287 electronic-mail messages ("Email") sent and/or initiated by or on behalf of Lux.

18. From around January 2011 to the date of this Complaint, ZooBuh has received at least 6,096 Email messages sent and/or initiated by or on behalf of Cigirex.

19. Both Lux and Cigirex, acting independently and/or in concert with each other hired marketing companies to create marketing campaigns on their behalf. The campaigns include email mass marketing for which either the marketing companies or other third parties were and are retained to send emails promoting Lux and Cigirex products and websites. These parties are referred to herein "**Marketers**" and/or "**DOES 1-40**." Accordingly, the Marketers and the third party mailing affiliates are "Initiators" under the CAN-SPAM Act as each of them initiated or procured the emails in question.

20. Both Lux and Cigirex acting independently and/or in concert with each other, procured the emails in question because they either knew that the Marketers whom it hired to email market on their behalf would and/or did violate CAN-SPAM and/or because they "consciously avoided" knowing that the marketers would and/or did violate CAN-SPAM, within the meaning of 15 U.S.C. § 7702(12) and 15 U.S.C. § 7706(g)(2).

21. Each of the emails in question contains clear and conspicuous CAN-SPAM violations and, on information and belief, both Lux and Cigirex either reviewed the emails

4

advertising their products and knew of the existing violations, or consciously avoided knowing of the existing violations.

22. Both Lux and Cigirex are "Senders" of the email messages at issue herein to ZooBuh servers, as both Lux and Cigirex either acting independently or in concert with each other, either initiated or procured the initiation of the emails in question, and as Lux and/or Cigirex products, services or websites are promoted by the emails in question.

23. On information and belief, various of the DOES 1-40, are "Initiators" as each of them, in some way, initiated or procured the email in question on behalf of Lux, Cigirex, or both.

24. Each of the emails is a commercial message and contains commercial content advertising smoking products.

25. The emails, and each of them, were received by ZooBuh on its mail servers located in Utah.

26. As the result of the receipt of Email messages that violate CAN-SPAM including the receipt of the Emails at issue herein which also violate CAN-SPAM, ZooBuh has suffered harm in the form of the following: has had to create and maintain custom SPAM filtering software, has had to dedicate additional man hours to dealing with SPAM related issues, has had to purchase additional servers and other hardware, has received customer complaints, has lost customers, and has experienced server spikes, slowdowns, and crashes inhibiting ZooBuh's ability to fulfill its contractual obligations with its customers.

27. Each of the emails in question violates multiple CAN-SPAM provisions, and the majority of emails received by ZooBuh resulting in a larger SPAM problem violate the CAN-SPAM Act in one or more ways.

FIRST CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(1)**
(Against all Defendants)

28. Each of the previous paragraphs is realleged herein.

29. The CAN-SPAM Act makes it unlawful to send email messages that contain, or are accompanied by, materially false or materially misleading Header Information.

30. The CAN-SPAM Act defines "materially misleading" as the alteration or concealment of header information in a manner that would impair the ability of [a party] to identify, locate, or respond to a person who initiated the electronic mail message or to investigate the alleged violation, or the ability of a recipient of the message to respond to a person who initiated the electronic message.

31. Many of the emails in question, contain materially false and materially misleading header information as they contain one or more of the following: illegitimate sender email addresses, sender domains, sender IP addresses, and/or sender computer names; header information that is registered to unrelated third parties; header information that was obtained by means of false or fraudulent pretenses (e.g. obtaining sender domain names and email addresses under an agreement not to use the domains and addresses for sending unsolicited commercial email); altered or concealed header information that impairs the ability of a party processing the message to identify or respond to the transmitting party; IP addresses generated by a proxy server for purposes of disguising the origin of the email; "From" lines that do not accurately identify the Sender of the message.

32. Each of the emails in question contains one or more violations of 15 U.S.C. §7704(a)(1).

33. Accordingly, ZooBuh prays for relief in the amount of $100 per violation of 15 U.S.C § 7704(a)(1) pursuant to 15 U.S.C. § 7706(g)(3).

SECOND CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(2)**
(Against all Defendants)

34. Each of the previous paragraphs is realleged herein.

35. The CAN-SPAM Act makes it unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message if such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

36. Many of the emails in question contain a subject line that is likely to mislead the recipient about a material fact regarding the contents or subject matter of the message including but not limited to subject lines that make false or unsupported representations about the product, subject lines that do not accurately describe the "offer," and subject lines that use inducement or other language.

37. The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(2) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

38. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(2) pursuant to 15 U.S.C. § 7706(g)(3).

THIRD CAUSE OF ACTION
**CAN-SPAM ACT, 15 U.S.C. § 7704(a)(3)**
(Against all Defendants)

39. Each of the previous paragraphs is realleged herein.

40. The CAN-SPAM Act makes it unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message that does not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that— (i) a recipient may use to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received; and (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message.

41. Many of the emails in question fail to contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, through which the recipient could request not to receive future email from the Sender, and that remained capable of receiving the request for up to 30 days.

42. The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(3) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

43. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(3) pursuant to 15 U.S.C. § 7706(g)(3).

## FOURTH CAUSE OF ACTION
## CAN-SPAM ACT, 15 U.S.C. § 7704(a)(5)
(Against all Defendants)

44. Each of the previous paragraphs is realleged herein.

45. The CAN-SPAM Act makes it is unlawful for any person to initiate the transmission of any commercial electronic mail message to a protected computer unless the message provides (i) clear and conspicuous identification that the message is an advertisement or solicitation; (ii) clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender; and (iii) a valid physical postal address of the sender.

46. Many of the emails in question fail to contain a clear and conspicuous notice that the emails are advertisements or solicitations.

47. Many of the emails in question fail to contain a clear and conspicuously displayed valid physical address of the Sender and not the Initiator.

48. Many of the emails in question fail to contain a clear and conspicuously displayed notice of the opportunity to opt-out from receiving future commercial emails from the Sender.

49. The percentage of the total number of emails that contain violations of 15 U.S.C. § 7704(a)(5) demonstrates that Defendants have engaged in a pattern or practice of violating this provision.

50. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(i) pursuant to 15 U.S.C. § 7706(g)(3).

51. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(ii) pursuant to 15 U.S.C. § 7706(g)(3).

52. Accordingly, ZooBuh prays for relief in the amount of $25 per violation of 15 U.S.C § 7704(a)(5)(iii) pursuant to 15 U.S.C. § 7706(g)(3).

FIFTH CAUSE OF ACTION
**Aggravated Damages – CAN-SPAM Act 15 U.S.C §7706(g)(3)(C)**
(Against all Defendants)

53. Each of the previous paragraphs is realleged herein.

54. On information and belief, Lux and Cigirex, either acting independently or in concert with each toher, committed the violations set forth above willfully and knowingly; or, in the alternative,

55. Lux's and Cigirex's unlawful activities included one or more of the aggravated violations set forth in 15 U.S.C. § 7704(b).

56. Specifically, on information and belief, Lux and Cigirex engaged in dictionary attacks, used scripts or other automated means to created sender and recipient email addresses, and engaged in relaying and retransmitting in violation of 15 U.S.C. §7704(b)(1), (2), and (3).

57. Accordingly, ZooBuh prays for treble damages of the total damage amount determined by this Court.

REQUEST FOR RELIEF

Plaintiff respectfully requests the following relief:

A. Entry of judgment against each Defendant in the amount of $100 per violation of 15 U.S.C. § 7704(a)(1).

B. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(2).

C. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(3).

D. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(4).

E. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(i).

F. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(ii).

G. Entry of judgment against each Defendants in the amount of $25 per violation of 15 U.S.C. § 7704(a)(5)(iii).

H. Treble damages pursuant to 15 U.S.C. § 7706(g)(3).

I. Attorney fees and costs pursuant to 15 U.S.C. § 7706(g)(4).

J. Pre and post-judgment interest at the highest rate permitted by law.

K. Entry of permanent injunction against Defendants prohibiting Defendants and each of them from sending or causing to be sent email message to ZooBuh and its customers.

L. All other relief deemed just in law or equity by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable of right in this action, pursuant to Rule 38(b), Federal Rules of Civil Procedure.

/

/

/

DATED this 28th Day of December, 2011.

HILL, JOHNSON & SCHMUTZ, L.C.

_____
Evan A. Schmutz
Jordan K. Cameron
*Attorneys for Plaintiff*

Plaintiff's Address:
P.O. Box 41
American Fork, Utah 84003